Smith *v.* The State.

SIDNEY SMITH and HENRY SMITH *v.* THE STATE.

CRIMINAL LAW. *Assault.* It is error on the trial of an indictment for assault and battery to charge the jury thus: ʺIf you find from the evidence that the defendant provoked the assault by word or act, and then willingly engaged in the fight, he would be guilty although he may have been first assailed or stricken by the prosecutor.ʺ

FROM WILSON.

Appeal in error from the Circuit Court of Wilson county. ROBERT CANTRELL, J.

B. J. TARVER for Smith.

W. H. THOMA for The State.

COOPER, J., delivered the opinion of the court.

Sidney Smith, and his son Henry Smith were indicted for an assault and battery of Brent Cox, the prosecutor. A severance was had, and each was tried and convicted upon substantially the same evidence, and the same charge of the court to the jury. Each appealed in error, and now relies upon the same ground of reversal.

Sidney Smith and the prosecutor were the joint owners of a mower, and, from something that had passed between them, Smith thought that he had sold his share to the prosecutor. On the day of the difficulty between them, a third person, one Stewart, who

had bought from the prosecutor his original interest in the mower, went to Smith's house to make a trade with Smith in relation to the machine. Smith denied having any interest, and was requested by Stewart to go over and see the prosecutor. The defendant Henry also told his father. to go, saying that the prosecutor owed him a little money, and that if he did not pay it there would be a fuss. On their way to the residence of the prosecutor, Stewart says he told Smith not to have any fuss, and he replied that he was so mad that he did not know what he was going to do. The prosecutor was hauling corn to his barn where the difficulty occurred. The elder Smith asked the prosecutor if he owned the machine, and he replied in the negative, saying that if he bought it, he was not going to take it, and was only joking. The defendant then cursed a good deal, and said the prosecutor was a liar and the truth was not in him. The prosecutor, who was standing on the rear end of the wagon, said he could not stand that, picked up an ear of corn, and jumped from the wagon. He then dropped the corn, and after a momentary halt, moved towards Smith, who perhaps met him half way, and struck him a pushing blow, which Smith endeavored to return. The elder Smith was pushed backwards against a box, and the younger Smith struck the prosecutor with a doubletree. The difficulty then ended, nobody being hurt. The son had said nothing, nor done anything until he struck the prosecutor. The prosecutor says he weighs 175 pounds, and is 35 years of age. The elder Smith is 65 years old. The age

of the younger Smith is not given. Prosecutor had said he did not want to have a difficulty with defendant as he was an old man, and defendant replied that his age did not make a damn bit of difference.

The court charged the jury, amongst other things not excepted to, as follows: " If. you find from the evidence that defendant Sidney Smith provoked the assault by word or act, and then willingly engaged in the fight, he would be guilty although he may have been first assaulted or stricken by the prosecutor. But as to how the facts are, you must determine."

The charge is equivalent to telling the jury that, if Smith provoked the assault by word, and then willingly engaged in the fight, he would be guilty, although first assaulted and struck by the prosecutor. But it is universally held that no words whatever can amount to an assault: 2 Bish. Crim. Law, sec. 25. If, therefore, we omit the provocation by word, the charge is, in substance, that the defendant, although first assailed and struck by the prosecutor, is guilty of an assault and battery on the prosecutor if he willingly engaged in the fight. The general rule undoubtedly is that a man may protect his person from assault and injury by opposing force to force, and is not obliged. to wait until he is struck, but may protect himself by striking the first blow, proportioning his defense to the exigency. 3 Gr. Ev., sec. 64; McLemore v. Moore, 1 Leg. Rep., 19. The charge requires the rule to be limited to cases where the person attacked fights unwillingly. If he is first assaulted and struck but fights back willingly, he is guilty of an assault and battery,

although the violence used was not greater than was necessary to repel the attack. In other words, it is self-defense if the person assaulted fight unwillingly, but an assault and battery of his antagonist if he fight willingly. We. are not aware of any principle or decision which makes the character of the act, if in reality it be only such as the law allows in defense of the person, depend upon the state of his mind. If he is entitled to defend himself from an assault, and uses no more violence than is necessary for the purpose, he cannot be guilty of an assault and battery on his adversary.

On the trial of the son, the charge on this point was: "If you should find that the father of the defendant provoked the prosecutor to assault him by words or acts, and afterwards willingly engaged in the fight, the father in such case would be a wrong-doer, and the son would have no right to engage in the fight." It is substantially the same as in the other case.

The charge is erroneous in each case, and the judgment must be reversed.